## LEBŒUF *v.* MERLE.

Where the purchaser of property, sold by a sheriff under a *fi. fa.*, claims to retain the price on the ground of a privilege entitling him to be paid in preference to the seizing creditor, the sheriff should not deliver the property, but require the purchaser to file an opposition under art. 401 of the Code of Practice; or, in case of his refusal, institute himself a proceeding to compel the claimants to litigate their rights to the proceeds.

Where a sheriff, on whom a rule has been taken to show cause why he should not pay over to the plaintiff the proceeds of a sale made by him under a *fi. fa.*, makes no exception to the summary form of the proceeding, but answers to the merits, no objection to the form of the proceeding can be raised after appeal.

APPEAL from the Parish Court of New Orleans, *Maurian,* J. *Blache,* for the plaintiff in the rule. *Denis,* for the appellant.

The judgment of the court was pronounced by

SLIDELL, J. *Faurie,* having become subrogated to the rights of *Lebœuf,* the judgment creditor of *Merle,* obtained writs of *fieri facias,* and, on the 4th October, 1845, caused a slave of *Merle's* to be seized. The sheriff made returns that he had seized the slave under the writs, and had adjudged the slave to *Emma Chapus,* the wife of the defendant *Merle,* for the price of $600, payable cash, which amount the purchaser retained in her hands on account of the mortgage and privilege in her favor, according to the certificate of the Recorder of Mortgages. The sheriff also delivered the slave to this purchaser, and executed a deed to her in the usual form, reciting the price, and its retention by the purchaser on account of the alleged mortgage and privilege.

Subsequently *Faurie,* by a rule, called upon the sheriff to shew cause why he should not bring into court the proceeds of the sale, that it might be paid over to the plaintiff in the rule.

The sheriff made no exception to the form of proceeding, but answered that

the proceeds of the sale were retained by the purchaser, *Emma Chapus*, wife    <span style="float:right">Leboeuf<br/>*v.*<br/>Merle.</span>
of the defendant, on account of a mortgage with privilege accruing to her by
judgment of separation of property from her husband, as mentioned in the
certificate of the recorder of mortgages read at the public sale of the slave
sold by him.

He further answered that *Emma Chapus* had furnished him, an in-
demnity bond, to hold him harmless in the matter, with her husband and
another as sureties. He prayed that the purchaser and her sureties might be
cited in warranty, to defend him in the rule.

When the rule came to trial, the parties called in warranty moved for their
dismissal, and thereupon the warrantors were dismissed. The trial proceeded
between *Faurie* and the sheriff. *Faurie* offered in evidence the records of the
two suits of *Lebœuf* v. *Merle*, including the authentic act of subrogation and the
order of the court thereon, and a certificate of the recorder of mortgages
showing that the judgments which he held against *Merle* were recorded as far
back as 1843. The sheriff offered his deed of sale, and a certificate of the re-
corder of mortgages of date as recited in his deed, exhibiting the registry of the
wife's judgment against her husband, "rendered on the 6th of October, 1845,
for $1300, with interest and costs, and with the privilege and mortgage granted
by law to married women for the security of their dotal and paraphernal rights."

The court below gave judgment for *Faurie*, ordering the sheriff to pay over
to him, as the seizing creditor, the proceeds of the sale. From this judgment
the sheriff appealed.

The plaintiff, *Faurie*, obtained by his seizure a privilege on the slave which
clearly entitled him to the proceeds of sale, unless the sheriff has shown a supe-
rior right in *E. Chapus*, in whose hands he left this price. This superior
right he has not proved; the mere registry of her judgment did not give it, for
that judgment was rendered and registered subsequently to the seizure, and
subsequently also, by two years, to the registry of *Faurie's* judgments. But it
is said that the wife's mortgage and privilege for her dotal and paraphernal
rights, date from the conversion by her husband. We have no evidence here
of what these rights were, whether dotal or paraphernal; but even conceding
this to be immaterial, the sheriff has offered no evidence except the certificate
of registry, and this furnishes no proof of the date of conversion or receipt by
the husband of the dotal or paraphernal monies or property. The date of ren-
dition of the judgment and its registry, the only dates furnished by the cer-
tificate, are both posterior to the seizure. The proof as to the wife's rights is
also defective in other points. The sheriff then has not made out his defence,
to wit, a superior right in the party to whom he has delivered the slave, leaving
the price of adjudication in her hands.

The sheriff was not authorized by the certificate on which he relies, to assume
that the purchaser's rights were superior to those of the seizing creditor. If
he had no better authority with regard to the wife's rights than that which he
has laid before us, he should not have delivered the slave and have given a deed,
leaving the money in her hands, but should have required the purchaser to file
a third opposition. pursuant to article 401 of the Code of Practice; or, if she
would not do so, should have instituted himself a judicial proceeding to compel
the claimants to litigate their rights to the proceeds, giving no title and making
no delivery till the money was put into his hands. Instead of pursuing this
course for his own safety, he has provided for it in another form, by a bond of

LEBŒUF
v.
MERLE-

indemnity from the purchaser; and having shown no legal ground of defence against the plaintiff in the rule, he must pay him and look to the indemnity bond.

It is said that this is not a proper case for the summary remedy provided by the Code of Practice, art. 766, because here the money is not in the sheriff's hands; that *Faurie* should have proceeded by an ordinary action. This objection is untenable, because the sheriff took no exception in the court below, but pleaded to the merits.

As regards the dismissal of the warrantors, we cannot inquire into its propriety, because no appeal was taken from the order, and the warrantors are not before us. *Judgment affirmed.*