## No. 1461.—JEANNE BISTER et al. v. ANTON MENGE.

The power of the husband to dispose of the community property is limited to that of alienation by sale or otherwise where an equivalent in value is impliedly received for the property disposed of.

The husband is prohibited from making any conveyance *inter vivos* of the immovables of the community by a gratuitous title.

At the dissolution of the community the wife is entitled to one-half of the immovables disposed of by the husband, by onerous titles in fraud of her rights, and she may enforce them directly against the parties in possession.

Where a party in possession of immovable property by a gratuitous title is sought to be evicted, he cannot invoke the plea of prescription nor call the donor in warranty.

A lease by the husband of immovables belonging to the community for a term of years, in the form of a donation *inter vivos*, will fall if the donor dies before the expiration of the time.

APPEAL from the Second Judicial District Court, parish of Plaquemines. *Cazabat, J.  Collens & Wooldridge* and *James Foulhouse,* for plaintiffs and appellants. *C. Roselius* and *Sambola & Ducros,* for defendant and appellee, *E. H. McCaleb,* for warrantor.

TALIAFERRO, J.  Jeanne Bister, the widow of Joseph Laussade, and Eliza Laussade, her grand daughter, as plaintiffs, prosecute this action to recover from the widow and heirs of Anton Menge two arpents and a half of land, constituting a small portion of a tract containing four hundred and forty arpents lying on the Mississippi river in the parish of Plaquemines, and belonging to the community that existed between the widow Bister and her husband Joseph Laussade.  By the partition of this land between the widow and the only heir of Laussade the part of the tract including the two and a half arpents fell to Mrs. Bister, who donated it to Eliza Laussade the coplaintiff in the case and the party principally interested in this suit.

In February, 1851, Joseph Laussade executed before a notary and witnesses an act called a lease, by which he granted to Anton Menge the use of the two and a half arpents for the period of twenty years. The only conditions stipulated were as expressed in the act "that all trees and shrubbery that might be planted hereafter in and upon the said tract of land above described shall be the property of said Laussade, the said Menge having the right to gather the fruits of said trees, and in the event of the said Menge his wife and children leaving the above premises before the expiration of the said twenty years, he, she or they shall have the right only to take away from the said land said buildings and other improvements, as he, she or they might have constructed and built on said land above described.  The said Menge shall have no right to sublease or underlet the property above described; and on him, his wife and children leaving the same, the said property shall be surrendered together with the trees, shrubberies and fruit trees thereon planted to the said Laussade, his heirs and assigns, with the exception of the buildings thereon."

Laussade died in 1854.  The land was partitioned in January, 1866, and in August following this suit was instituted.  It is contended on

the part of the plaintiffs that the act in question was a mere donation of the usufruct of the premises described. That the land being community property the husband could legally make no disposition of it gratuitously; that the act ceased to have any effect after his decease; that the wife was no party to the act, never having signed it, and, as averred, ignorant even of its existence. It is also urged that this act if capable at all of any legal effect, is utterly null and without effect against the wife as well as against third parties generally, as it was never recorded.

On the defense it is argued that the act is valid, as even by the admissions of plaintiffs, it was not done in fraud of the wife's rights. That the failure to record cannot avail the plaintiffs, as the wife is not a third party to the acts of the husband. The defendants called the heir of Laussade in warranty and pleaded in bar of the action the prescriptions of one and ten years. The verdict of the jury before whom the case was tried, maintains the defendants in possession to the end of the term specified in the act, without the right to remove the buildings and improvements made by them upon the premises. The plaintiffs appealed and the defendants ask this court to amend the judgment of the lower court by allowing them to remove the buildings and improvements according to the contract.

The act under consideration we regard as a donation *inter vivos;* and affecting as it does community property, the principal inquiry involved in the case is, has the act any legal effect?

Article 2373 of the Civil Code obviously limits the power of the husband to dispose of the real estate of the community to acts of alienation by sale or otherwise, where an equivalent in value is impliedly received for the community property disposed of.

The second paragraph of that article strictly prohibits him from making any conveyance *inter vivos* of the immovables of the community by gratuitous title. The fourth paragraph construed in connexion with the second, can only be taken to contemplate a recourse of the wife against the heirs of the husband in cases where he has alienated the immovables of the community by onerous title in fraud of her rights. The case of the disposal of the immovables of the community by gratuitous title is provided for in the second paragraph by absolute prohibition. The prohibition is unconditional and wholly independent of the interest of the husband in making the donation. Where he disposes of the immovables of the community by onerous title, the wife's right to pursue the heirs depends upon the question whether the alienation was made in fraud of her rights or not. In the case of his disposal of immovables by gratuitous title no such test applies. The law in this case accords to the wife no recourse against the heirs of the husband. At the dissolution of the community arises the recourse of the wife against the heirs of the husband for one-half

the value of the immovables of the community disposed of by him under onerous title in fraud of her rights, and to recover directly from the parties in possession her share of the immovables disposed of by the husband by gratuitous title.

The case of the heirs of Reine Trahan *v.* Michael Trahan et. al., 8 An. 455, relied upon by the defendants, we think not applicable to the present case. There, the wife joined the husband in the act of emancipation of a slave "in consideration of his long and faithful services." The brief remarks of the court in that case touching the right of the husband to alienate community property ought perhaps rather to be regarded as *obiter dicta* than as intended to establish a fixed rule on the subject.

The defendants being without title and in possession by the gratuitous act of Laussade, their call in warranty and pleas of prescription cannot avail them.

It is sufficiently clear from the evidence that the donation had its origin in the kind feelings of the donor towards Menge, who it is shown was in other respects the recipient of favors and benefits coming gratuitously from the same source. It equally appears that the widow and heir of his benefactor, after his decease in 1854, continued to extend to Menge and his family for ten or twelve years a very commendable degree of liberality and forbearance. The orange trees planted by Menge in 1851, had come to maturity and yielded him a handsome revenue for at least five or six years before the institution of this suit. One witness states that Menge's crop of oranges for the year 1865, brought $600, and for the year previous $1,800. The large sum claimed by defendants as damages in case of eviction we apprehend is neither founded in law or equity. The plaintiffs pray judgment for the value of the fruits of the property from the time of the institution of the suit. The evidence adduced does not enable us to fix satisfactorily the amount if any that should be accorded.

It is therefore ordered adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed. It is further ordered, adjudged and decreed that the plaintiffs recover from defendants the possession of the land and premises sued for, viz: Two arpents and a half of land described in the petition, the same now and heretofore occupied by defendants under the act purporting to be a lease from Laussade to Menge executed in 1851; that defendants deliver possession of the same to plaintiffs with the appurtenances thereunto belonging, reserving to the defendants the right to remove from the premises the buildings and structures of every kind which they have placed upon the said land. There is likewise reserved to the plaintiffs the right to prosecute their claim for the fruits as set forth in their petition.

It is further ordered that all costs of these proceedings be borne by defendants.

Rehearing refused.