Wylt, J.
On tenth September, 1870, defendants gave Fish & Butler, merchants of Arkansas, the following letter of credit, to be used in New York:
“Gentlemen, you are authorized to draw on us to the order of such persons in New York as you may be indebted to, or wish to purchase goods from, to the extent of five thousand dollars, in such sums as may suit your convenience, payable on tenth March next, and your drafts will be honored on presentation and paid at maturity.
“Very respectfully, JOHN WILLIAMS & SONS.”
Instead of drawing in favor of their creditors for the sums due them respectively, Pish & Butler found it more desirable to draw the time drafts, payable to their own order, have them discounted and use the *654 proceeds for the purpose contemplated by themselves and John Williams & Sous.
Accordingly, on twenty-ninth September, 1870, they procured the discount of a draft of $3500 from plaintiff, a banker of New York, ou the faith of the letter of credit, and on third day of October, 1870, obtained from the same party the discount of another draft for $1500. The proceeds of these drafts were used by Pish & Butler in the payment of their debts or in the purchase of goods. Both were drawn payable to the order of the drawers, and were discounted by plaintiff. The draft for $3500, the first one, was duly honored and paid, the other for $1500 was dishonored.
This suit was brought to compel the defendants John Williams & Sons to pay the draft of $1500.
The defense in this court is, the draft does not conform to the condition of the letter of credit in this, the draft was not drawn in favor of a creditor of the drawers, but to their own order, and plaintiff who discounted it was not a creditor.
The defense is too technical. That the credit given Pish & Butler by John Williams & Sons was used for the purpose contemplated by the parties there can be doubt. The object was that Pish & Butler might draw on John Williams & Sons for five thousand dollars in such sums as might suit their convenience, payable on tenth March, 1871, in order to aid them in settling with their creditors and to purchase a stock of goods.
In accomplishing that object it was immaterial whether the drafts were drawn in favor Of the respective*creditors or in favor of the drawers themselves.
•The letter of credit must be interpreted and effect given, to it according to the real intention of the parties. Both drafts were drawn alike, and when John Williams & Sons accepted and paid the first one for $3500, they thereby conceded there was no objection to the form or wording of the instrument, and they interpreted the letter of credit as the drawers did and as we do.
It is therefore ordered that the judgment herein in favor of plaintiff be affirmed with costs.