LECHE, J.
The plaintiffs in this suit are the surviving widow in community and the children, forced heirs, of the late Ernest Bonnegent, who ask to be decreed the owners of certain property situated in the city of Shreveport, and pray for rents of the said property from the date of the death of said Ernest Bonnegent. They allege that during the existence of the community lately existing between plaintiff Mrs. Mary Melady and the said Ernest Bonnegent the said Bonnegent transferred said property, immovable and belonging to the community, by gratuitous title, to his late mother, Mrs. Elizabeth Bonnegent, who took possession of the same, that Mrs. Elizabeth Bonnegent departed this life, and that said property is now held by *535 Mr. and Mrs. W. A. Buell, as testamentary executors of her succession, and that said donation is null and void for having been made in contravention of a prohibitory law, and they accordingly pray for relief.
The defendants excepted on the ground that plaintiff’s petition failed to disclose a cause of action, and, this exception having been maintained as to Mrs. Melady, she prosecutes the present appeal.
The law of the case is contained in article 2404 of the Civil Code, which is clear and unambiguous to the effect that the husband, as head and master of the community, can make no conveyance inter vivos, by a gratuitous title, of the immovables of the community, unTess it be for the establishment of the children of the marriage. To this rule there is no exception. The third paragraph of the article refers to movables only, and the fourth relates to conveyances made by onerous title. Bister v. Menge, 21 La. Ann. 216. As the conveyance by gratuitous title made by Ernest Bonnegent was of an immovable, and was not for the establishment of the children of the marriage, plaintiffs’ petition does show a cause of action.
The judgment appealed from is reversed and annulled, and this case is ordered remanded to the First judicial district court for the parish of Caddo, there to be proceeded with according to law and the views herein expressed, defendant to pay costs of appeal, and' other costs to await final determination of the suit.