ST. PAUL, J.
This is a partition suit. The defendants, five in number, are the uterine brothers and sisters of plaintiff. The real estate to. be partitioned was purchased by plaintiff’s father after his marriage to the mother of all the parties, and was donated by him to her during the marriage. The only issue involved is as to the proportions in which the property shall be divided; i. e. shall plaintiff receive one-half the property as sole heir of his father, and one-sixth of the other one-half as one of the six heirs of his mother; or shall each of the parties receive one-sixth of the whole property as equal heirs of their mother. And that involves the validity vel non of the donation made by the father to his wife; if the donation was void, then the property remained to the community, and must be divided in the proportions first stated; if'the donation was valid, then the property belonged exclusively to the mother, and must be equally divided between her six children.
I.
The contention of plaintiff is that the donation was void because in contravention of the Civil Code, art. 2404 (2373), reading in part as follows:
* * * He [the husband] can make no conveyance inter vivos, by a gratuitous title, of the immovables of the community, nor of the whole, or of a quota of the movables, unless it be for the establishment of the children of the marriage. * * *
This limitation on the right of the husband, as head and master of the community, to do as he pleased with the effects of the community, was first introduced into our law by the Code of 1825, and is taken verbatim from the Code Napoleon, art, 1422.
The French authors, and the French jurisprudence, from the very first time the question arose before the Court of Cassation in 1850, have been unanimous and uniform that this provision' concerns the wife alone, and hence if she joins her husband in the donation, it is valid as to her, and consequently as to all other persons. These authorities are gathered in a long list, to be found in Baudry-Lacantinerie, vol. 16, p. 612, note 2; and in Dalloz Code Annotee, art. 1422, Nos. 61-67.
Hence in Trahan v. Trahan, 8 La. Ann. 455, the emancipation of a sla!ve (an immovable by law), as a reward for faithful services, was held to be valid against the heirs of the wife because she had joined the husband in the act of emancipation.
In Bister v. Menge, 21 La. Ann. 216, the wife had not joined her husband in the donation, and the court held (pages 217, 218):
“At the dissolution of the community arises the recourse of the wife against the heirs of the husband for one-half the value of the immovables of the community disposed of by him under onerous title in fraud of her rights, and to recover directly from the parties in possession her share of the immovables dis-posed of by the husband by gratuitous title [italics ours].”
In Melady v. Succession of Bonnegent, 142 La. 534, 77 South. 143, the husband had donated an immovable of the community without the concurrence of his wife. The wife and forced heirs of the husband brought suit to annul the donation. The trial judge sustained an exception of no cause of action, and on appeal the judgment was reversed. But the ease never came back to this court on the merits; if it !had, the only judgment which the court could have rendered consistent with the Trahan and Bister Oases, supra, and Succ. of Moore, infra, 40 La. Ann. 531, 4 South. 460, would have been a judgment allowing the wife one half the property, and the forced heirs their légitime out of the other half.
*147 II.
And it follows a fortiori that if the donation be made to the wife herself, the donation is all the more valid. Fuzier-Herman, vol. 3, p. 1010, art. 1422, No. 46.
Hence in Succession of Moore, 40 La. Ann. 531, 4 South. 460, a donation by a husband to his wife of $100,000 of bonds, out of a total community of $350,000, was held not void hut only reducible.
III.
It is further urged that the donation by the father to his wife was null as being one omnium bonorum. Pretermitting the question whether or not the right to annul a donation on that ground be not personal' to the donor who alone can say whether he has or has not “reserved for himself enough for subsistence, C. C. art. 1497,” the transcript in this case shows that at the time this donation was made the father had $2,000 in cash or its equivalent; also, some mules, horses, cattle and hogs, and a half interest in some sawmill machinery; ¶ and the fact remains that-he lived some years after the donation, without ever calling upon the charity of any one.
IV.
 Plaintiff claims in the alternative a reduction of the donation so as to give him his legitime in his father’s succession; against which defendants set up the prescription of 'five years under C. C. art. 3542, relative to the reduction of excessive donations. The father died over 30 years ago, and plaintiff came of age nearly 20 years ago. By the very terms of the article the prescription began to run against him from his majority. And the fact that he would have had to bring the suit against his mother did not interrupt the running of that prescription. C. C. .art. 3521.
V.
The proposition that the donation, even if valid, and no longer reducible, yet left the property in the community, is simply to say that the donation produced no effect, which is but to say in another form that the donation was void. This has already been considered.
Decree.
The judgment appealed from is therefore affirmed. ,
Rehearing refused by the WHOLE COURT.