LAND, J.
 

 On July 20, 1898, James Cavanaugh and his wife, Mrs. Addie J. Cavanaugh, plaintiff herein, donated to their daughter, Mrs. Theodosia Youngblood, all of blocks 24 and 25 in the Cavanaugh addition to the town of Leesville. After the death of James Cavanaugh, Mrs. Addie J. Cavanaugh, the surviving spouse in community, and the children and heirs of James Cavanaugh, deceased, instituted the present suit against the defendant Mrs. Youngblood and her vendees in possession to annul this donation, on the gr.ound that it was a conveyance inter vivos, by a gratuitous title, of a part of the immovables of the community formerly existing between James Cavanaugh and his wife, and was made by the husband in violation of article 2404 of the Civil Code.
 

 In the alternative, the petitioners, except Mrs. Addie J. Cavanaugh, allege that the donation in question exceeded the quantum which the said James Cavanaugh could legally dispose of to his daughter, and was made to the prejudice of the légitime due to petitioners, the children and forced heirs of the donor.
 

 Petitioners aver that the property donated by James Cavanaugh and his wife to Mrs. Youngblood was worth, at the time of the decease of their father, April 30, 1918, the sum of $4,500, in the state in which it was at the period of the donation; that the remáinder of the property left at his death did hot exceed the value of $300; and that each of the petitioners, exclusive of Mrs. Addie J. Cavanaugh, is entitled to a legitime of $300 out of the effects in the succession of their father.
 

 • It is alleged in the petition that blocks 24 and 25 of the Cavanaugh addition to the town of Leesville formed a part of the southeast quarter of southwest quarter of section 23, township 2 north, range 9 west, and that the whole of this property was acquired by the community through patent issued to James Cavanaugh by the United States on June 10, 1898.
 

 Mrs. Addie J. Cavanaugh, as surviving spouse, claims an undivided one-half interest, while each of the seven heirs, of James Cavanaugh, deceased, asserts title to an undivided one-sixteenth interest in the property in dispute.
 

 The above statement of facts appears from the allegations made in the petition, and must be accepted as true for the purpose of disposing of the exceptions of no cause or right of action, tendered by defendants and maintained by the trial judge. -
 

 1. The judgment' of the lower court sustaining the exception of no cause or right of action, in so far as it relates to the action of nullity of the donation, is in our opinion correct.
 

 Article 2404 of the Civil Code reads in part as follows:
 

 “He .[the husband] can make no conveyance inter vivos, by a gratuitous title, of the immovables of the community, nor of the whole, or of a quota of the movables, unless it be for the establishment of the children of the marriage.”
 

 
 *25
 
 It is well settled, both in the French jurisprudence and in our own, that this provision concerns the wife alone, and hence, if she joins her husband in the donation, as in the present case, it is valid as to her, and consequently as to all other persons. The donation made to Mrs. Youngblood on July 20, 1898, jointly by her father and mother, is therefore valid against the heirs of James Cavanaugh, deceased, the plaintiffs in this case. Snowden v. Cruse, 152 La. 144, 92 So. 764.
 

 There is no law preventing both spouses from gratuitously disposing of the common property, and they are especially authorized to do so in favor of the children of the marriage by articles 1724r-1733 of the Civil Code. Bouny et al. v. Anheuser-Busch Brewing Ass’n et al., 155 La. 437, 99 So. 395.
 

 2. We are of the opinion, however, that the trial judge erred in sustaining the exception of no cause or right of action as against the alternative demand of the. forced heirs of James Cavanaugh for the reduction of the donation. As there are eight forced heirs in this case, including the donee, the disposable portion cannot exceed one-third of "the property of the disposer. R. C. C. art. 1493.
 

 Since the property included in the donation is valued at $4,500, and the effects left in the succession of the donor, James Cavanaugh, are estimated at $300, it is clear that the donation is excessive. As the donor cannot deprive forced heirs of the portion of his estate reserved to them by law, except in cases where he has a just cause to disinherit them, the petition, under the facts alleged, clearly discloses a cause of action for the reduction of the donation. R. C.-.C. art. 1495.
 

 3. Defendants, except Mrs. Young-blood, have pleaded the prescription of 10, .20, and 22 years under Act 161 of 1920.
 

 The vendees of the donee took actual possession of the property on June 23, 1902, and have remained in continuous and peaceable occupancy of same until the present time. The plea 6f prescription was maintained by the lower court, but, in our opinion, erroneously.
 

 James Cavanaugh, the donor, died intestate in the parish of Vernon on April 30,1918. The present suit was filed March 24, 1923, or within the 5-year prescriptive period for the reduction of excessive donations. R. C. C. art. 3542.
 

 Article 1503 of the Civil Code declares that “a donation inter vivos, exceeding the disposable quantum, retains all its effect during the life of the donor,” and it is provided in article 1504 of the Civil Code that:
 

 “On the death of the donor or testator, the reduction of the donation whether inter vivos or mortis causa, can be sued for only by forced heirs or by their heirs or assigns.”
 

 A right of
 
 action only arose in
 
 favor of
 
 the
 
 forced heirs of James Cavanaugh to reduce the donation at the time of his death on April 30, 1918, and they have asserted such right timely in the present suit.
 

 It is elementary that prescription does not begin to run against a party until a cause of action arises in his favor, and for this reason the prescription of 10, 20, and 22 years, pleaded herein, cannot be sustained. As the action of reduction or revendication may be brought by the heirs against third persons holding the immovable property which has been alienated by the donee, in the same manner and order that it may be brought against the donee himself, it follows that the vendees of the donee in this case acquired the property in dispute subject to the action of reduction or revendication, in case of excessive donation, i'f brought by the forced heirs within 5 years after the death of the donor, regardless of the length of time this property may have been in the actual possession of defendants prior to the death of the donor. R. C. C. art. 1517; Stockwell v. Perrin, 112
 
 *27
 
 La. 654, 36 So. 635. As the prescription of 5 years had not run in this ease, the plea of prescription of 10, 20, and 22 years, made by the defendants, is overruled.
 

 It is therefore ordered that the judgment appealed from be amended, so as to overrule the exception of no cause or right of action as to the alternative demand of the plaintiffs, as forced heirs, to reduce the donation made by their father and mother to their sister, Mrs. Youngblood, and so as to overrule the plea of prescription of 10, 20, and 22 years.
 

 It is now ordered that said judgment as amended be affirmed, that the appellees pay the cost of this appeal, and that this case be remanded, and reinstated on the docket of the lower court, and proceeded with in due course and in accordance with the views herein expressed.