No. 794

First Circuit

———

CAVANAUGH ET AL. v. YOUNGBLOOD ET AL.

———

(June 16, 1931. Opinion and Decree.)

———

See, also, Cavanaugh et al., v. Young-blood et al., 10 La. App. 117, 119 So. 776.

A. B. Cavanaugh, of Leesville and R. J. O'Neal, of Shreveport, attorneys for plaintiffs, appellees.

S. I. Foster, of Leesville, attorney for defendants, appellants.

MOUTON, J. This case was before the Supreme Court on appeal and was disposed of in 162 La. 22, 110 So. 75.

The decision seems to have been based on the cases of Bouny et al. v. Anheuser-Busch Brewing Association et al., 155 La. 437, 99 So. 395, and Snowden v. Cruse, 152 La. 144, 92 So. 764.

The exception of no cause or right of action was overruled by the Supreme Court in this case as to the forced heirs, and was remanded for the reduction of the donation, which the court said could not exceed one-third of the property of the disposer. R. C. C. art. 1493.

After the case was remanded the question presented for determination was in reference to the value of the property donated at the time of the death of the donor in the condition it was when the act of donation was executed. The lower court, as appears from its written opinion, decided the case on those lines.

The estimates made were on two blocks, 24 and 25, Cavanaugh addition, town of Leesville. There is considerable conflict in the evaluation of the property, and it is extremely difficult, as is remarked by the district judge to arrive at an exact estimate of its value in 1918. He refers to appraisals of $2,500, $4,000, $2,750, by one of defendants' witnesses, and of $3,000. He finally reaches the conclusion that a fair estimate of its value in 1918 would be $2,700, which added to the value of the community property, that is $300, at the death of Mr. Cavanaugh, the donor, would bring it up to a total at his demise to the sum of $3,000.

After a careful reading of this record, we do not find that the court below has fallen into an error in reaching that conclusion.

The court divided this total in two, thus ascribing $1,500 to the widow in community, and leaving a like amount to the forced heirs. A deduction of $500 was made by the judge for one-third thereof as an extra portion to Mrs. Youngblood, daughter of Mr. Cavanaugh, to whom the donation had been made, and which had accrued to the benefit of her vendees, through mesne conveyances, and defendants in this case.

After making this deduction of $500 for the extra portion to Mrs. Youngblood, donee, he held that the other heirs were entitled to a balance of $1,000. .As there were eight forced heirs and Mrs. Youngblood had disposed of her share to her vendees, the defendants, by mesne conveyances, the court decreed that plaintiffs were entitled to an undivided 7/16 interest in said blocks 24 and 25 of the Cavanaugh addition.

It is ordered in the decree that upon defendants paying $1,000 to plaintiffs within ten days after judgment, they are given the right to retain an undivided 7/16 interest in the property.

Counsel for plaintiffs find fault with this

portion of the decree, contending that it should order plaintiffs the absolute owners of that interest in the property upon failure of defendants to pay in the time specified.

In support of that contention, counsel for plaintiffs refer to the case of Stockwell v. Perrin, 112 La. 643, 36 So. 635.

In that case the forced heirs contended that they remained the owners of the specific property that had been transferred to the vendees. The court said it pretermitted any discussion as to what would have been the situation had the property involved in the litigation been held by the original donee under the act of donation. The court said that defendant therein was not the donee, but was a third possessor, and that it would deal with the situation as thus presented.

Proceeding further, the court said the right of the plaintiffs, forced heirs, was to call for payment to the amount needed to secure their legitime, or to enforce their demand through a forced sale, should the defendant refuse to pay. In that decision French commentators are quoted at length in support of the conclusion reached by the court. These authors say that after the immovable has been alienated by the donee the heirs have rights to the money since the law will permit them to proceed against third possessors only after discussion of the goods of the donee.

Hence, we find no error in the decree wherein the property is ordered to be sold in default of payment by the defendants within the time specified, nor in other respects; and, as to the taxes, etc., they were not required to be deducted from the value of the property collated. Succession of Weber, 110 La. 674, 34 So. 731. The judgment has correctly disposed of the issues, and is affirmed with costs.