### FIRST STATE BANK & TRUST CO. v. BROWN et al.

### No. 1168.

Court of Appeal of Louisiana. First Circuit.

Oct. 5, 1933.

S. I. Foster, of Leesville, for appellant.

Thompson & Ferguson, of Leesville, for appellee.

MOUTON, Judge.

Defendant, Geo. A. Brown, executed a promissory note in favor of the plaintiff bank, payable in September, 1931, upon which judgment was obtained against him in January, 1932.

In execution of its judgment, the bank seized a Ford auto as being the property of defendant.

Mrs. Brown, defendant's wife, intervened in the seizure, alleging that she had turned over $154.32 paraphernal funds to defendant, to which he added $421.32 with which he bought the auto, and that on the day of his purchase he donated the car to her by manual gift, with delivery. Mrs. Brown prayed for the issuance of an injunction prohibiting the sale of her car.

The evidence, which comes to us under a statement of facts, shows that Mrs. Brown was taught to drive the car before it was bought, and that it was donated to her as a manual gift by her husband, and was in her possession when seized.

Civ. Code, art. 1539, says: "The Manual Gift, that is, the giving of corporeal movable effects, accompanied by a real delivery, is not subject to any formality."

Here the evidence shows there had been a real delivery of the auto to Mrs. Brown, who had acquired it by donation from her husband, more than a year before he had contracted the debt for which the auto was seized.

The proof shows that the seizure was made for a community debt, and that the auto was a community asset.

Article 2404, Civ. Code, authorizes the husband to dispose of the movable effects of the community by a gratuitous and particular title, to the benefit of all persons.

■■■ The provision of that article which prohibits the husband from making a gratuitous conveyance of a whole or quota of the movables belonging to the community is for the benefit of the wife, who alone can complain of such a transfer.

It was so held in the case of Trahan v. Trahan, 8 La. Ann. 455, which was approved by the court in the case of Snowden v. Cruse et al., 152 La. 144, 92 So. 764, 765. In that case, where the donation was an immovable made by the husband to the wife, the court said: "And it follows a fortiori that if the donation be made to the wife herself, the donation is all the more valid. Fuzier-Herman, vol. 3, p. 1010, art. 1422, No. 46."

In a more recent case, Succession of Williams, 171 La. 151, 129 So. 801, 805, where, not an immovable, but shares of stock, had been given by the husband to his wife, the court said: "A donation of community property made by the husband to the wife is valid, because the wife alone has the right to complain of a violation of article 2404 of the Revised Civil Code."

In reaching that conclusion, the court referred to Civ. Code, art. 1746, which allows a husband to give to his wife, and a wife to her husband, either by marriage contract or during marriage, "all that he or she might give to a stranger."

As the husband may, under article 2404, Civ. Code, dispose of all movable effects of the community to the benefit of all persons, a donation of a movable to his wife, as made in this case, is valid and vests title in her.

In conclusion, it may also be remarked that in the instant case the donation with delivery was made long before the debt was contracted by the husband, and that there was therefore no fraudulent intention connected with the conveyance.

■■ Mrs. Brown being the owner of the auto, it was not subject to seizure by the bank for the debt of her husband or of the community.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be avoided and annulled; that the auto seized be and is hereby declared the property of Mrs. Ellie Brown, intervener; that the injunction be maintained, the seizure be set aside, and the suit of plaintiff be dismissed at its cost.

ELLIOTT, Judge (dissenting).

The facts of this case are as stated in the opinion of the majority of the court. Mrs. Ellie Brown, intervener and third opponent, inherited from her parents $154.32, which passed into the hands of her husband. George A. Brown, her husband, added to it enough to make $586.08 cash, with which the parties say in their agreement, and upon which we are called on to decide the case, that "he purchased the car under seizure from H. E. Werner in his wife's name." The lower court, acting on the agreement, sustained the right of the plaintiff, a creditor of the husband, to seize the automobile for a community debt.

The agreement further says that the husband and wife both testified that the automobile was delivered to the wife as a gift; that the husband delivered it to her as her car, a gift from him. The majority opinion holds that the automobile was a gift from the husband to the wife, and maintains it as such under the agreement, reversing and setting aside the judgment appealed from.

I differ with the majority of the court in the application of the agreement. I agree that the husband can make a donation of community property to his wife as was held in Succession of Williams, etc., 171 La. 151, 129 So. 801, but I contend that, under the terms of the agreement showing the facts,

that the wife, Mrs. Brown, did not acquire the title which she sets up to this automobile as a gift from her husband; the husband and wife cannot make a purchase in her name a gift by testifying and agreeing that it was a gift and calling it such from himself. The agreement showing how it was acquired says that her husband purchased it in her name from Werner. As I see it, she claims ownership under the purchase from Werner and not as a gift from her husband. I look on the automobile as a community purchase. "This partnership or community consists, * * * of the estate which they may acquire during the marriage, * * * by purchase, * * * even although the purchase be only in the name of one of the two and not of both, because in that case the period of time when the purchase is made is alone attended to, and not the person who made the purchase." Civ. Code, art. 2402.

I think the judgment appealed from correct, and that it should be affirmed.