## HOGH et al. v. BALOGA.

### No. 16892.

Court of Appeal of Louisiana. Orleans.

April 4, 1938.

Ann Dodge and Edward Lombard, both of New Orleans, for appellants.

Louis E. Jung, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is an appeal from a judgment maintaining a plea of prescription of five years. Henry Hogh, Sr., died in this city on September 2, 1931. Henry Hogh, Jr., son, and Albert John Hogh, grandson, of Henry Hogh, Sr., brought this suit on October 6, 1937, against Florine Baloga, the stepdaughter of Henry Hogh, Sr., by reason of a subsequent marriage with her mother, Mrs. Theresa Hoffman Baloga, for the sum of $1,287.05. They allege that on May 18, 1927, or a short time prior thereto, Henry Hogh, Sr., made a donation in cash of $4,500 to Florine Baloga, who used it to purchase certain real estate in her name in the city of New Orleans by act before Theodore Beck, notary public, May 18, 1927, and registered C. O. B. 331, Folio 68; that this donation exceeded the disposable portion of their ancestor by the sum of $1,287.05, for which amount this suit is brought. It is, therefore, an action for the return of an excessive donation inter vivos. To this petition defendant filed a plea of prescription of five years alleging that the donor died September 2, 1931, and that his succession was opened and judgment of possession rendered and signed on December 4, 1931, and that this suit was not filed until October 6, 1937, or more than five years after the judgment of possession. The case was set for trial on the plea of prescription but before a trial was had a supplemental petition was filed on behalf of the plaintiffs in which it is alleged that the excessive donation was made with the knowledge of the donee and with intent to conceal and disguise in fraud of the rights of plaintiffs and in order to deprive them of their

legitime and that this fact was not discovered until a date less than one year "from the date hereof."

Upon the trial of the plea of prescription the defendant's counsel offered in evidence the record in the Succession of Henry Hogh, Sr., No. 194,761 of the docket of the civil district court. No other evidence of any character was presented by either counsel.

Article 3542 of the Revised Civil Code declares that among other actions prescribed by five years is "that for the reduction of excessive donations."

Article 1503 of the Revised Civil Code declares that "a donation inter vivos, exceeding the disposable quantum, retains all its effect during the life of the donor" and Article 1504 that "on the death of the donor or testator, the reduction of the donation, whether inter vivos or mortis causa, can be sued for only by forced heirs, or by their heirs or assigns."

The right of action accrued and, therefore, prescription begins to run on the date of the death of the donor which, in the instant case, was September 2, 1931. Cavanaugh v. Youngblood, 162 La. 22, 110 So. 75.

Since this suit was not filed until October 6, 1937, the prescription, unless interrupted, had accrued before the suit was filed.

Plaintiff invokes the doctrine of "contra non valentem agere non currit praescriptio." This doctrine has been recognized in Louisiana. Warn v. Mexican Petroleum Corp., 6 La.App. 55; Succession of Drysdale, 130 La. 167, 57 So. 789.

In order to take this cause of action out of prescription it was necessary for the plaintiffs to substantiate the allegation of their supplemental petition by offering proof of the fact that the donation had been concealed from them and that five years had not elapsed since discovery of the donation. This they failed to do although afforded ample opportunity upon the trial of the plea of prescription. Their counsel was present and no effort was made to establish the facts necessary to show the suspension of prescription so as to bring the case within the authority of the doctrine of "contra non valentem agere non currit praescriptio."

The burden of proof of the facts relied on to establish the interruption of prescription rested upon the plaintiffs. Egan v. Hotel Grunewald Co., 134 La. 740, 64 So. 698; Succession of Dauphin, 112 La. 103, 36 So. 287; Spyker v. International Paper Company, 173 La. 580, 138 So. 109.

In oral argument and in brief counsel has requested that we reverse the judgment, remand the case, and order a new trial to permit the introduction of the necessary proof. We do not believe that this is a proper case for a remandment. Plaintiffs have had their day in court and we see no reason to prolong the litigation in order to afford them another opportunity to do that which they failed to do in the first instance.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.

McCALEB, J., absent, takes no part.