(49 South. 588.)

No. 17,475.

RUDDOCK ORLEANS CYPRESS CO. v. DE LUPPE et al.

In re DE LUPPE.

(April 26, 1909.   Rehearing Denied May 24, 1909.)

1. APPEAL AND ERROR (§ 171*) — REVIEW — THEORY OF CASE—CHANGE OF ISSUE—DONATIONS.

Where a widowed mother made a conveyance of real estate by notarial act in form of sale to the daughter of her son and sole heir, and a judgment creditor of the son instituted an action, after the death of the mother, to have it decreed that the property was in reality intended to vest in the son and that the daughter was merely a person interposed, *held*, that the issue thus raised could not be changed by the creditor into an action to annul the transfer as a prohibited donation omnium bonorum.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1053–1069, 1161–1165; Dec. Dig. § 171.*]

2. DESCENT AND DISTRIBUTION (§ 153*) — RIGHTS OF CREDITORS OF FORCED HEIR.

Apart from such unauthorized change of issue sought to be made by the introduction of evidence over the objections of the defendants, a judgment creditor of a forced heir cannot (if at all) exercise his rights to reduce or annul donations by the de cujus unless specially authorized to do so by a previous judgment of court, or unless such creditor has acquired in some legal manner the rights of the forced heir in the succession.

[Ed. Note.—For other cases, see Descent and Distribution, Dec. Dig. § 153.*]

(Syllabus by the Court.)

Action by the Ruddock Orleans Cypress Company against Charles De Luppe and others. Judgment for defendants was reversed by the Court of Appeal, and Marie De Luppe applies for certiorari or writ of review. Judgment of the Court of Appeals reversed and of District Court affirmed.

Emile Pomes, for appellant.  Hall & Monroe, for respondents.

LAND, J.   Plaintiff obtained a judgment against Charles De Luppe for $113.29, with legal interest thereon from December 22, 1904, and costs amounting to $124.60.

In January, 1906, Mrs. Eliza De Luppe, widow, mother of Charles De Luppe, transferred by notarial act in the form of a sale to Marie De Luppe, daughter of Charles De Luppe, a certain lot of ground with the improvements thereon situated in the city of New Orleans.

After the death of Mrs. Eliza De Luppe, the plaintiff company instituted suit against Charles De Luppe and Marie De Luppe for the purpose of obtaining judgment against said parties, decreeing the above-described property to belong in full ownership to Charles De Luppe, and to be subject to his debts and to execution against him. The grounds for the relief prayed for were that said property was transferred solely for the purpose of attempting to evade the creditors of Charles De Luppe, an insolvent, and the transfer was in reality for his account and benefit; that Charles De Luppe resided in said premises, and had full possession and control of said property; and that it was well understood between him and his said daughter that she held title to the same nominally for his account, and subject in all respects to his control and disposal.

The defendant pleaded the general issue. The case was tried, and there was judgment in favor of the defendants. The plaintiff appealed, and the Court of Appeal reversed the judgment, and decreed that the real estate in question belonged to Charles De Luppe, and was subject to his debts. The cause has been brought before us on a writ of review granted on the application of Miss Marie De Luppe.

Plaintiff's case depends on establishing the truth of the allegations that the legal title to the property passed from Mrs. Eliza De Luppe to Charles De Luppe by virtue of the transfer of date January 12, 1906. As said transfer was made to Miss Marie De Luppe, the burden was on the plaintiff to prove that she was merely a party interposed, and held the title for Charles De Luppe. In order to prove the allegations of the petition, plaintiff

propounded interrogatories on facts and articles to the defendants, and is bound by their answers.

On January 12, 1906, Mrs. Eliza De Luppe by notarial act, in the form of a sale, conveyed the property to Marie De Luppe, her granddaughter, a feme sole, of lawful age, for the purported price of $1,300, and as a part of the consideration the purchaser assumed the payment of a mortgage for $150 in favor of the American Homestead Company and of the city taxes for the years 1904 and 1905, and state taxes for the year 1905. The answers of Miss Marie De Luppe show that the transfer was a donation, subject to the charge of paying the mortgage debt and the taxes specified in the act, and that she has paid the taxes and the installments of the mortgage debt as they became due. The answers further show that Miss Marie De Luppe was not a person interposed, but accepted the donation and holds the property for her own use and benefit. The answers of Charles De Luppe show that he knew nothing of the donation until after the death of his mother on January 20, 1906, and had no interest in the property. One of his answers reads as follows:

"No, sir; it was of no interest to me, because my mother had already helped me a great deal before her death, and I thought that she could do just as she pleased with the balance of her property."

Chas. De Luppe has nothing, and several judgments had been rendered against him. He was living with his mother, and his daughter Marie was earning money by teaching music. What were the motives of Mrs. Eliza De Luppe for donating the property to her daughter do not concern the plaintiff or the other creditors of Charles De Luppe, who had no claims against Mrs. Eliza De Luppe or against the property.

Plaintiff's case as set forth in the petition rests on the predicate that the transfer vested title in Charles De Luppe. It necessarily follows from such a contention that the transfer was valid in law, and divested the title of Mrs. Eliza De Luppe.

Counsel for plaintiff, however, before the Court of Appeal, took the position that the donation was absolutely null and void as one omnium bonorum, and that the plaintiff as a creditor of Charles De Luppe, the only forced heir, had the legal right to urge the nullity of the donation, to the end that the property might be restored to the succession of the donor and vest in the forced heir, and in this way become liable for his debts. The Court of Appeal adopted this view of the case, and declared the donation an absolute nullity, and recognized Charles De Luppe as the owner of the property.

We cannot concur in a conclusion which necessarily antagonizes the allegations of the petition and the relief prayed for. Plaintiff sues in its own right as a judgment creditor, and not in the right of its debtor as heir of his mother. Plaintiff affirms the transfer as having the legal effect of vesting title in the debtor during the lifetime of his mother, and does not seek to set aside the same as an absolute nullity. The contention raised by the petition is that Charles De Luppe was the real purchaser, and that his daughter, Marie, was merely a person interposed.

Counsel for defendant Miss Marie De Luppe objected to evidence to prove the death of Mrs. Elizabeth De Luppe and all other facts not relevant to the question whether the sale which was made to Miss Marie De Luppe was made for the account of Charles De Luppe. Such evidence should not have been received, as it tended to change the issues raised by the pleadings.

There is neither allegation nor proof that Charles De Luppe has refused to accept or has renounced the succession of his mother to the prejudice of plaintiff's rights, or that the plaintiff has ever been authorized by the judge to accept it in name of its debtor and

in his stead. Rev. Civ. Code, arts. 1021, 1071. This judicial authorization is necessary to enable the creditor to exercise the succession rights of his debtor. Rev. Civ. Code, art. 1990.

Plaintiff is not a creditor of the deceased, and has not acquired any of the rights of her forced heir. The only right that Charles De Luppe has as forced heir is to sue for a reduction of the donation to the disposable portion. Creditors of the deceased cannot require such a reduction nor avail themselves of it. Rev. Civ. Code, art. 1505. In Tomkins v. Prentice, 12 La. Ann. 465, it was held in well-considered opinions that creditors of the forced heir could not contest his renunciation of the succession, and could not sue for a reduction of donations. Be this as it may, such creditors can have no standing in court until they have acquired the right to represent the forced heir or his rights in the succession.

We have given the above reasons for the purpose of showing that the plaintiff has no standing in court on the theory of the case adopted by the Court of Appeal, but we are of the opinion that the sole issue presented by the pleadings and the evidence received without objection was properly decided by the district court.

It is therefore ordered that the judgment of the Court of Appeal rendered in this case be reversed, and it is now ordered that the judgment of the district court be affirmed, and that the plaintiff pay costs of both appellate courts.