The judgment, appealed from, is therefore affirmed.

(126 So. 681)

**WISNER et al. v. CITY OF NEW ORLEANS et al.**

No. 30240.

Feb. 3, 1930.

Rehearing Denied March 5, 1930.

Milling, Godchaux, Saal & Milling, of New Orleans, for appellant.

Milner & Porteous, P. M. Milner, and W. Winans Wall, all of New Orleans, for appellees Mary J. Wisner and others.

Percy Saint, Atty. Gen., and M. M. Irwin, Asst. Atty. Gen., for appellee Charity Hospital.

Bertrand I. Cahn, City Atty., and F. P. Burns, Asst. City Atty., both of New Orleans, for appellee City of New Orleans.

Legier, McEnerny & Waguespack, of New Orleans, for appellee Salvation Army.

Chas. Rosen, J. Blanc Monroe, and W. B. Spencer, all of New Orleans, for appellee Tulane Educational Fund.

ROGERS, J.

The late Edward Wisner, on August 4, 1914, made a donation inter vivos in due form of a number of acres of land to the city of New Orleans, the Board of Administrators of Tulane University, the Board of Administrators of the Charity Hospital, and to the Commander of the Salvation Army. The land was specifically described in the act of donation, and consisted of 1,840 acres in the parish of Jefferson, 2,412 acres in the parish of St. John the Baptist, and 49,248 acres in the parish of Lafourche. The act of donation was duly inscribed in the records of the three parishes in which the land donated is situated.

Edward Wisner, the donor, died testate on March 8, 1915, leaving a widow in community, Mrs. Mary J. Wisner, and two daughters, Mrs. Rowana Peneguy and Miss Elizabeth Wisner, as his sole heirs. The succession of the deceased was duly opened and administered by his executors in the civil district court for the parish of Orleans. During the course of the administration several sales were made of the succession property, the final sale taking place on February 27, 1918. At the last sale all the property remaining in the succession was sold, the purchaser thereat being Mrs. Mary J. Wisner, the widow of the de cujus. On March 30, 1918, the purchaser, Mrs. Wisner, sold the property which she had thus acquired to the Wisner Estates, Inc.

On December 26, 1928, Mrs. Mary J. Wisner and her two daughters brought suit against the four donees to annul the donation executed by Edward Wisner, on August 14, 1914, and to have themselves recognized as the owners of the land described in the act of donation. Exceptions were filed by all the defendants to plaintiffs' petition, but no disposition, so far as the record discloses, has been made of these pleas.

Subsequently, Wisner Estates, Inc., intervened and as against the defendants demanded the nullity of the donation, and as against plaintiffs, demanded to be recognized as the owner of the property donated.

The three plaintiffs and the four defendants filed numerous exceptions to the petition of intervention. On the hearing of these pleas, the court below sustained the exceptions of no right or cause of action and dismissed the intervention. From this judgment, Wisner Estates, Inc., the intervener, has appealed.

The plaintiffs, Mrs. Wisner and her daughters, averred that as the widow in community and as the children and sole heirs of Edward Wisner, the donor, they had a vested interest in the lands donated and that the donation was null and void because it was an attempt by the donor to make a conveyance inter vivos by a gratuitous title of immovables of the community in violation of a prohibitory law. Civ. Code, art. 2404.

The Wisner Estates, Inc., intervener, in its attack on the donation adopted and reiterated the grounds of nullity set up in plaintiffs' petition, and alleged, further, that intervener became the owner of the property donated by virtue of its purchase from Mrs. Wisner, to whom the property had been previously adjudicated by the executors of the donor's estate. The intervener annexed to its petition of intervention, as part, the petition for a supplemental inventory and order of sale thereon, the adjudication and notarial act confirmatory thereof made to Mrs. Wisner in pursuance of the petition and order, and the notarial act of sale wherein Mrs. Wisner conveyed to the intervener the property acquired by her at the succession sale.

The exceptions of no right or cause of action that were sustained by the court below are predicated upon the following grounds, viz.:

1. That under the express terms of the title set up by the intervener it acquired no right of ownership in any of the lands donated to the defendants.

2. That so much of the deeds under which intervener and Mrs. Wisner, its vendor, acquired certain tracts of land from the succession of Edward Wisner as undertook to convey in general terms without describing the land sold, was void and of no effect against third persons.

3. That as a purchaser under the deed from Mrs. Wisner the intervener acquired no right to attack the donation made by Edward Wisner to the four defendants, as such right was personal to Mrs. Wisner, so far as her interest is concerned, and could not be exercised by any other person.

The intervener contends that all the property belonging to the marital community existing between Edward Wisner, the deceased, and Mrs. Mary J. Wisner, his widow, was subject to the administration of the executors, of whom Mrs. Wisner was one, of the will of Edward Wisner. That when the executors obtained an order of court to sell all the community property that the deceased may have owned in this state, whether specifically described or not, the order included all the remaining community property, which was the property adjudicated to Mrs. Wisner at the executor's sale of January 14, 1918. That the adjudication and notarial act confirmatory thereof transferred to the purchaser Mrs. Wisner whatever interest the marital community had in any and all lands in this state, including the lands described in the donation to the four defendants. That when Mrs. Wisner, in turn, conveyed the property she had acquired at the executor's sale to Wisner Estates, Inc., the intervener, she thereby vested her vendee with title to all these lands.

The order of court under which the final sale was made of the property of the succession of Edward Wisner, after specifically describing the parcels of land remaining unsold, contained the following additional description, viz.:

"Parcel 10. All of the right, title, interest, claim or demand of any name, nature, kind or character which the late Edward Wisner may have in and to any land or real estate

situated in the State of Louisiana and particularly in the Parishes of St. Bernard, Jefferson, Plaquemines, Lafourche, Terrebonne, St. John the Baptist, St. Charles, Calcasieu, Acadia, Iberia, St. Martin, Iberville, Ascension, Assumption, Pointe Coupee, West Carroll, East Carroll, Richland and Ouachita, and which has not heretofore been alienated, transferred or sold by the said Edward Wisner or the Executors of his estate; the intent being that as there may be certain property situated in this State and particularly in the above described parishes in which said Edward Wisner, prior to his death, had and the said estate now has an interest and which is unknown to the said Executors, that the said Executors, in order to divest the said estate of any such interest and to wind up said estate, are hereby authorized to sell such indeterminate and undescribed interest; the vendee herein to acquire only such right, title or interest as the estate of Wisner may have in or to said property, if any. It being distinctly understood and agreed, anything to the contrary notwithstanding contained in this sale, that such rights of said estate of Edward Wisner as described in this parcel 10 are sold without any warranty whatever, even for the return of the purchase price."

Mrs. Wisner, as stated, became the adjudicatee at the public sale made in pursuance of the order of court of nine parcels of land particularly described therein and of parcel 10 described and hereinabove quoted, for the sum of $5,788. An act of sale confirming the adjudication was executed on February 27, 1918. On March 30, 1918, Mrs. Wisner sold the property to the Wisner Estates, Inc., the intervener, by the same description under which she had acquired it. The consideration for this sale, as set forth in the deed, was $5,628.

We think that the first and third grounds urged by the exceptors in support of their pleas of no right or cause of action are well founded; hence it becomes unnecessary for us to pass upon the second ground upon which the exceptions are based.

The allegations of the petition of intervention are controlled by the recitals of the documents annexed thereto as part. The deed by which the intervener acquired from Mrs. Wisner controls as to the description of the property therein conveyed, and no allegation of intervener's petition at variance with the recitals of the deed can better its position. Ducre v. Milner, 165 La. 433, 115 So. 646.

The property described in the act of donation by which the four defendants acquired the property from Edward Wisner was neither inventoried nor administered upon in the succession of the donor. It is plain from this fact that it never was the intention of the executors to sell, nor were they authorized to sell, the property donated. That it was not the intention of the executors of the de cujus to sell, nor did they sell, the property conveyed by him to the defendants, also appears from the limitations placed upon the description of the property referred to in parcel 10, supra, in the petition and order for the sale, and in the deed by the executors to Mrs. Wisner.

The petition for the sale, after describing specifically some 4,200 acres of land which the executors desired the court's authority to sell, alleged that the executors had carefully investigated the assets and had included all the acreage and all lands in which the succession had any interest, except "that there may be outstanding interests, or tax titles in which the said Wisner had an interest at the time of his death," but which were of so little importance as not to warrant the expense of

making an investigation to ascertain whether such interests existed. The order of court based on this petition, the sale thereunder to Mrs. Wisner, and the sale by Mr. Wisner to Wisner Estates, Inc., specifically included under the description set forth in parcel 10, supra, only such rights and interests as the deceased, Edward Wisner, may have had in any lands that had not theretofore been alienated, transferred, or sold by Edward Wisner or the executors of his estate. The inclusion in the order of court and the subsequent sales based thereon of only the rights and interests the de cujus may have in lands not previously alienated by him or by his executors necessarily excludes the lands donated to the defendants which had been alienated by the donor prior to his death and which were standing on the public records in the names of the donees at the time the sale was provoked and made by the executors of Edward Wisner to Mrs. Mary J. Wisner, his widow.

We do not think it can be successfully disputed that the executors of Edward Wisner did not sell nor undertake to sell the rights of action of either the widow or the children of the deceased. The rights, claims, and interests of Edward Wisner, and not of Mrs. Wisner, nor of Wisner's children, in lands which were undisposed of by the deceased or by his executors, were the only things offered for sale and sold under the description of property contained in parcel 10, supra.

The action of Mrs. Wisner to annul the donation made by her husband is personal to her to the extent of one-half of the property donated. The action of Wisner's children to annul the donation made by their father is personal to them to the extent of the other one-half of the property donated.

The nullity arising under Civ. Code, art. 2404, of the donation made by the husband by gratuitous title of the immovables of the marital community without the concurrence of the wife, is not one founded on public order, but on private right, affecting the interest of the wife alone. It is a relative and not an absolute nullity. The donation is voidable but not void.

No person other than the wife can invoke the prohibition contained in the codal article. Snowdon v. Cruse, 152 La. 144, 92 So. 764, cited with approval in Thompson v. Société Catholique D'Education, etc., 157 La. 875, 103 So. 247, and Cavanaugh v. Youngblood, 162 La. 22, 110 So. 75.

The right of action of the children of the donor is one for the reduction of the donation. The intervener cannot require such reduction nor avail himself of it. Civ. Code, art. 1504; Tompkins v. Prentice, 12 La. Ann. 465; Cox v. Von Ahlefeldt, 105 La. 543, at page 576, 30 So. 175; Ruddock Orleans Cypress Co. v. De Luppe, 123 La. 831, at page 835, 49 So. 588; Snowdon v. Cruse, supra.

For the reasons assigned, the judgment appealed from is affirmed, at appellant's cost.