LAND, Justice.
 

 At the death of John Joseph Maxwell, Sr., on October 27, 1922, his succession was opened in the civil district court for the parish of Orleans. Under a judgment rendered in the succession proceedings on January 12, 1923, Mrs. Lucy Lenas Maxwell was recognized as his widow in community, and, as such, was placed in possession of one-half interest in his estate, and also of one-fourth interest as legatee, under his last will and testament, of the disposable portion of his estate, or an undivided six-eighths interest in same.
 

 Thomas A. Maxwell, plaintiff, and John Joseph Maxwell, Jr., defendant, were recognized under this judgment as the sole and only heirs of decedent, and, as'such, were placed in possession jointly of one-eighth interest each in their father’s estate, subject to the usufz-uet in favor of their mother, Mrs. Lucy Lenas Maxwell.
 

 The present suit was filed April 20, 1932, to annul a sale of certain real estate made by plaintiff’s mother to his brother in the year, 1923, on the theory that such sale was actually a donation omnium bonoz-um, and for an accounting of all sums derived from the property since the sale.
 

 Defendant pleaded exceptions of no cause of action and of prematurity which were maintained by the trial-judge, and plaintiff’s suit was dismissed. From this judgment, plaintiff has appealed.
 

 
 *38
 
 (1) Article 1497 of the Civil Code declares that: “The donation inter vivos shall in no case divest the donor of all his property ; he must reserve for himself enough for subsistence; if he does not do it the donation is null for the whole.” ,
 

 The right to annul a donation omnium bonorum is clearly personal to the donor, who is alive in this case. The donation was made more than nine years ago and the donor has not seen fit to attack its validity. The Civil Code specifically declares that a donation inter vivos, exceeding the disposable quantum, retains all its effect during the life of the donor. Civ. Code, art. 1503.
 

 Plaintiff has no right to attack the donation in question while his mother is alive.
 

 Besides, when the sale attacked in this case as a donation omnium honorum is compared with the inventory annexed to plaintiff’s petition, it appears that, at the time of the donation, the donor had and did not include in same a six-eighths interest in a lot and improvements in the city of New Orleans, valued at $6,000, in household furniture valued at $800, and in Liberty bonds valued at $1,506.87. See Snowden v. Cruse, 152 La. 147 (III), 92 So. 764.
 

 (2) Article 2444 of the Civil Code provides that: “The sales of immovable property made by parents to their children, may be attacked by the forced heirs, as containing a donation in disguise, if the latter can prove that no price has been paid, or that the price was below one-fourth of the real value of the immovable sold, at the time of the sale.”
 

 Plaintiff, in attacking the sale in this case, alleges that it is a donation in disguise, as no price was paid. It is clear that plaintiff’s rights are protected by this article, and that his cause of action can be asserted after his mother’s death. Plaintiff has no present interest in the estate of his mother, who is alive, and plaintiff’s suit is therefore premature.
 

 Judgment affirmed.