. 175 So. 626

**JEANSONNE et al. v. JEANSONNE et al.**

No. 34296.

May 24, 1937.

Rehearing Denied June 21, 1937.

Couvillon & Couvillon, of Marksville, for plaintiffs.

I. E. Uzzo, of New Orleans, and Philo Coco, of Marksville, for respondent in writ.

PONDER, Justice.

On July 16, 1915, Louis J. Jeansonne and his wife, Mrs. Octavia Ducote Jeansonne, deeded 12 acres of land with improvements thereon to their daughter, Clara Jeansonne. The land was located in the parish of Avoyelles and was community property. Clara Jeansonne was unmarried at that time, but later married W. C. Bradford. The consideration stipulated in the deed was $1,000 cash. Mrs. Octavia Ducote Jeansonne died in the year 1928. There were eleven children, including defendant herein, of her marriage with Louis J. Jeansonne.

This suit was brought on December 10, 1934, by Louis J. Jeansonne and six of his eleven children against Mrs. Clara Jeansonne Bradford for the purpose of having the above-mentioned deed annulled and set aside. The title to this property has never

been transferred by the defendant. Plaintiffs' petition alleged that, though the deed was purported to be a sale, the consideration cited therein was never paid; that no sale was intended and no money intended to be paid. That said deed, though purporting to be an act of sale, was intended to be a donation and that the property was not intended to be delivered until after the death of the father and mother, that the property, so conveyed, constituted the home of the said father and mother and they had no intention of divesting themselves of the property prior to their death, but desired to make provision for their daughter after their death, etc.; that they adopted the form of a sale to give the appearance of reality to the transaction and to enable the defendant to claim the property at the death of her parents without the necessity of court proceeding.

The defendant excepted to the petition as being too vague and as not disclosing a right or cause of action. The exceptions were tried and overruled by the trial court. The defendant filed an answer and after trial on the merits, judgment was rendered by the trial court declaring the instrument null and void and ordering it canceled from the conveyance records. From this judgment, the defendant appealed to the Court of Appeal, Second Circuit. The Court of Appeal reversed the lower court and sustained the exception of no right or cause of action. From this judgment, the plaintiffs applied to this court for a writ of certiorari and review, which was granted.

The Court of Appeal in its opinion concluded that the deed was in fact a donation,

but that it was immune from attack by the children during the lifetime of the father.

Article 2239 of Civil Code states: "Counter letters can have no effect against creditors or bona fide purchasers; they are valid as to all others; but forced heirs shall have the same right to annul absolutely and by parol evidence the simulated contracts of those from whom they inherit, and shall not be restricted to the legitimate."

In the case Ramsey v. Beck, 151 La. 190, 91 So. 674, 675, the court stated: "And it is a rule equally well settled that, at the moment of the death of the husband, the title to one-half of the community property immediately vests in his heirs and the other one-half vests in the surviving spouse." Citing authorities.

The converse is true in case of the death of the wife. This proceeding could not be premature as to the one-half of the community property that is now vested in the forced heirs of Mrs. Octavia Ducote Jeansonne. They would have a right to attack the purported deed.

The most recent case interpreting article 2239 of the Civil Code is the case of Sangassan v. Sangassan, 181 La. 31, 158 So. 611, wherein it was held that forced heirs may attack by parole a transfer made by his ancestor, for the purpose of showing it was a simulation, in order to bring the property back into his ancestor's succession or to recover it for himself, citing authorities therein.

It was held in the case of Smelley v. Ricks, 174 La. 734, 141 So. 445, that forced

heirs may attack such sales as donations in disguise and have them set aside if they can prove that no price was paid, citing many authorities.

Since the one-half of the community property was vested in the forced heirs of Mrs. Octavia Ducote Jeansonne, deceased, the heirs would have the right to attack the purported act of sale by parole. The testimony in the case shows that the consideration of $1,000 stipulated in the deed was not paid.

It is our opinion that the judgment of the Court of Appeal, as to the undivided one-half of the property being the property of the succession of Mrs. Octavia Ducote Jeansonne, was in error and that the purported deed should be annulled as to that undivided one-half of the property.

The undivided one-half of the community property that is owned by the father, Louis J. Jeansonne, could not be attacked during the lifetime of Louis Jeansonne by his heirs. The action on the part of the heirs in so far as the undivided one-half of the property owned by Louis J. Jeansonne would be premature.

In the case of Maxwell v. Maxwell, 180 La. 35, 156 So. 166, 167, the court stated:

"Article 2444 of the Civil Code provides that: 'The sales of immovable property made by parents to their children, may be attacked by the forced heirs, as containing a donation in disguise, if the latter can prove that no price has been paid, or that the price was below one-fourth of the real value of the immovable sold, at the time of the sale.'

"Plaintiff, in attacking the sale in this case, alleges that it is a donation in disguise, as no price was paid. It is clear that plaintiff's rights are protected by this article, and that his cause of action can be asserted after his mother's death. Plaintiff has no present interest in the estate of his mother, who is alive, and plaintiff's suit is therefore premature."

We are of the opinion that Louis J. Jeansonne, defendant's father, who executed the deed and is a plaintiff herein, is not entitled to annul the instrument under the allegations of the petition. The act is authentic in form and Louis J. Jeansonne acknowledges therein that the consideration was received.

Civil Code, art. 2236 provides:

"The authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery."

Article 2237 of the Civil Code provides:

"The acknowledgment of payment, made in an authentic act, can not be contested, under pretense of the exception of non numerata pecunia, which is hereby abolished."

There is no allegation of fact in the petition disclosing fraud or error in the execution of the deed. The only contention is that the deed was intended to be a donation. The signers of the deed were fully cognizant of the purport of their act and they intended to adopt that form of instrument as shown by the pleading and evidence wherein the petition alleged and the evidence proved that they adopted this form.

of transfer purposely so that it might not be afterwards attacked.

The judgment of the Court of Appeal in sustaining the exception of no cause or right of action in so far as Louis J. Jeansonne is concerned is correct.

For the reasons assigned, it is ordered, adjudged, and decreed that the deed is annulled and set aside as to the undivided one-half interest of the property belonging to the succession of Mrs. Octavia Ducote Jeansonne and, as amended, the judgment of the Court of Appeal is affirmed, all costs to be paid by the defendant.