69 So.2d 66 (1953)
VEGAS et al.
v.
CHERAMIE et al.
No. 3771.
Court of Appeal of Louisiana, First Circuit.
December 18, 1953.
Thomas Guzzetta, Thibodaux, for appellants.
Archie D. Saint, Thibodaux, for appellees.
LOTTINGER, Judge.
This is an action wherein the plaintiffs, Raphael Vegas and Amy (Aimee) Vegas, wife of Octave Bruce, seek to have declared null and void a certain judgment previously rendered by the Seventeenth Judicial District Court for the Parish of Lafourche in Suits Nos. 9410, 9411, 9412 and 9413 of the Civil Docket of that court. It appears that on April 25, 1949, the defendants in the instant suit filed four boundary suits against the plaintiffs and that all of these suits were consolidated with Suit No. 9410. Mr. Carl E. Heck, Civil Engineer, was appointed by the court to establish the boundary line between the parties. This gentleman went upon the premises, established the boundary line, and on February 20, 1950, judgment was rendered confirming a preliminary default which had been entered on January 9, 1950, homologating a supplemental procès verbal of the surveyor and fixing the boundary line between the *67 properties of the parties. No appeal was taken from this judgment and, accordingly, same has long since become final.
Briefly stated, the basis of the present action of nullity is the alleged lack of legal notice on the part of the surveyor, which is alleged by plaintiffs to be an "ill practice" within the meaning of Code Prac. Art. 607, Article 35 of the petition sets out "your petitioners are entitled to have the judgment rendered in the aforesaid boundary actions against them declared as absolute nullity, as petitioners were not given due and legal notice of the change in the location of the dividing line and the rendition of such a judgment without prior notice to petitioners deprives them of their property without due process of the law."
The defendants filed an exception of res judicata (which appears to have been abandoned) and exceptions of no cause and no right of action. The latter exceptions were tried and the record as presently made up contains the testimony adduced on the trial of these exceptions together with the entire record in Suit No. 9410. The trial judge sustained the exception of no right of action and the matter is now before us on a suspensive appeal taken by the plaintiffs.
The first witness called on the trial of the exceptions was the surveyor appointed by the court, Mr. Carl Heck. When questioned by counsel for defendants as to whether he notified the plaintiffs that he would appear on the premises on a certain date to establish the boundary line, counsel for plaintiffs made timely objection. The trial judge sustained this objection insofar as the exception of no cause of action was concerned, but overruled it insofar as the exception of no right of action was concerned. The objection was then made general and the trial of the exceptions continued subject to the objection. The testimony adduced at the trial principally concerned whether or not the plaintiffs had received the notice required by law previous to the survey. The ruling of the trial judge is as follows:
"Mr. Heck's testimony confirms the recitation of his proces verbal to the effect he complied with the law by sending notices by registered mail. Mrs. Bruce testified that a notice from Mr. Heck subsequent to the date of the one involved at this time was refused by her. The fact that she refused that notice from Mr. Heck is an indication that Mr. Heck sent a notice and while it relates to a later notice, it does indicate that Mr. Heck did send a notice in accordance with that particular proces verbal and, therefore, it is most likely that he observed the requirements of law by sending the notice at the time of the proces verbal in this case. Consequently, we believe Mr. Heck complied with the law and it is likely Mrs. Bruce also refused that one as she did the other one about which she testified. Let the exception of no right of action be sustained.
"By Mr. Guzzetta:
"You are not going to rule on the others as to lack of notice and so forth?
"By the Court:
"No, Sir. If they had not been present on the ground and raising some objection and showing a belligerent attitude as Mr. Heck testified, there would have been no need to call the deputies. The fact that they were there shows they must have had some knowledge of it. We believe they got that knowledge, if not through registered mail which they refused, at least they had some knowledge of it. The form of law is complied with."
While we agree that it is proper to hear testimony on an exception of no right of action, see Waterhouse v. Star Land Co., 139 La. 177, 71 So. 358, we do not believe that defendants' exception in the instant case can properly be construed as one of no right of action so as to admit of evidence on the trial thereof. While we recognize that it is common practice *68 in the State of Louisiana to combine exceptions of no right and no cause of action, the fact remains that there is a decided difference between the two. This difference has perhaps been best explained by Professor Henry G. McMahon in 11 Tulane L.R. 527, 532 and 533 as follows:
"There is no doubt that in a number of cases the plaintiff's lack of interest in the litigation has been raised through the medium of the exception of no cause of action. But despite the fact that the latter has been employed successfully in a number of cases where no question was raised as to its applicability, a difference between the respective functions of these two exceptions obtains in modern Louisiana procedure. This distinction has been pointed out by the writer elsewhere, when it was said, in stating the difference of function between the exception of no cause of action and that of no right of action, that:
"The former is used to raise the issue as to whether the law affords a remedy to anyone for the particular grievance alleged by plaintiff; the latter is employed (in cases where the law affords a remedy) to raise the question as to whether plaintiff belongs to the particular class in whose exclusive favor the law extends the remedy, or to raise the issue as to whether plaintiff has the right to invoke a remedy which the law extends only conditionally.'
"From the writer's opinion that the only difference between the exception of no right of action and want of interest is in name, it would follow that the distinction noted above likewise obtains between the exceptions of no cause of action and want of interest. The functions of the former is to raise the general issue as to whether any remedy is afforded by the law; that of the latter is to raise the question of whether a remedy afforded by the law can be invoked by a particular plaintiff. The former relates generally to the action; the latter, specifically to the person of the plaintiff." (Emphasis ours.)
See also Outdoor Electric Advertising, Inc., v. Saurage, 207 La. 344, 21 So.2d 375.
The exceptors particularized the exception of no right of action filed in this matter as follows:
"(a) The allegations of the petition do not show an action for nullity of the judgments as required by Articles 604 through 613 of the Code of Practice.
"(b) That plaintiffs were given due and legal notice of the change in the location of the dividing line referred to in Article 35 of the petition."
As pointed out previously the testimony offered during the trial of the exception concerned the question of whether or not notice was given as required by law. It did not in any sense relate "to the person of the plaintiff" or "to whether plaintiff belongs to the particular class in whose exclusive favor the law extends the remedy". The testimony introduced relates more properly to the merits of the action and we do not believe it to be admissible under the exception of no right of action. Counsel for plaintiff made timely objection to the introduction of all evidence relating to notice and we think that same should have been sustained not only as to the exception of no cause of action but as to the so called exception of no right of action as well.
The other ground upon which the exception of no right of action is based is that the allegations of the petition are insufficient to show grounds for nullity under the appropriate articles of our Code of Practice. This is a matter to be determined under the exception of no cause of action which was not passed upon by the trial judge.
For the reasons assigned the judgment appealed from is reversed and it is ordered that the case be remanded for trial in the court below; the cost of the appeal to be paid by the defendants and all other costs to await the final termination of the case.
Judgment reversed and case remanded.