LOTTINGER, Judge.
This is a suit by petitioner, Anthony Alfonso, and against his father and his brothers and sisters seeking to annul a transfer of immovable property by his father to his brothers and sisters, in which transfer the father allegedly divested himself of all his property. The Lower Court, on a plea of prematurity granted a judgment in favor of defendants and against petitioner and dismissed petitioner’s suit. The petitioner has appealed.
The record discloses that on July 10, 1936, by authentic act before William A. Haughton, Notary Public, Salvatore Alphonso, the father sold all of the property owned by the community of acquets and gains which existed between him and Mrs. Alfonso to his daughter, Mrs. Francis Alfonso Ragusa, for the recited cash consideration of $1,800.00. The property thus sold consisted of twenty-eight acres of land in the Parish of Tangipahoa, upon which was situated a house and barn, together with certain farm equipment and cattle. Subsequent thereto Mrs. Francis Alfonso Ragusa transferred certain parcels of this property to her sister and brothers except petitioner. The petitioner further states that subsequent to the sale by the father to his daughter, the father remained on the *295 property and continued to farm same as he had done prior to the purported sale. Several years after the purported sale an instrument of lease was executed by Mrs. Francis Alfonso Ragusa to her father, Salvatore Alfonso, leasing all of the properties back to the father for a yearly rental of $150.00.
The petitioner herein alleges that the purported sale from the father to the daughter was no more than a donation in disguise in which the father divested himself of all the community property to the prejudice of petitioner, a forced heir, and, therefore, seeks to have this simulated sale, as well as all subsequent sales, annulled.
The defendants first filed exceptions of improper cumulation of action, prematurity, and prescription. Depositions were taken of petitioner’s testimony, and an affidavit from the father and daughter were filed in the record, upon the basis of which the defendant moved for a summary judgment which was denied. After trial of the exceptions, however, the exception of prematurity was maintained and the Lower Court dismissed the petitioner’s suit. The petitioner has taken a devolutive appeal.
The record discloses that, at the time of the sale from Salvatore Alfonso to his daughter, Mrs. Francis Alfonso Ragusa, both the father and his wife, Mrs. Benedet-ta Dicorte Alfonso, were living on the property, and, according to the petition filed by petitioner the property involved belonged to the community of acquets and gains which existed between them. Mrs. Alfonso died some years subsequent to the sale from the father to his daughter which is attacked in this suit. The father, Salvatore Alfonso, was still living at the time this suit was filed. It is upon the basis that the father was still living at the time the suit was filed, and Article 2444 of the LSA-Civil Code, that the Lower Court maintained its exception of prematurity.
As stated above, the petitioner has taken a devolutive appeal from the Lower Court’s judgment maintaining the exception of prematurity. The defendants have not appealed, nor have they answered the appeal, and, therefore, under the provisions of Article 2133 of the LSA-Code of Civil Procedure the ruling of the Lower Court in refusing defendant’s motion for a summary judgment is not to be considered by this Court. We mention this because defendants’ brief goes to great length in alleging error in the ruling on the motion for summary judgment.
In substance, the suit by petitioner is to the effect that the sale by the father to the daughter was a simulated sale, or a donation in disguise, which is subject to collation inasmuch, as it infringes upon the forced portion which goes to petitioner as a forced heir under the laws of the state. Article 2444 of the LSA-Civil Code provides as follows:
“The sales of immovable property made by parents to their children, may be attacked by the forced heirs, as containing a donation in disguise, if the latter can prove that no price has been paid, or that the price was below one-fourth of the real value of the immovable sold, at the time of the sale.”
On the other hand, Article 2404 of the LSA-Civil Code states as follows:
“The husband is the head and master of the partnership or community of gains; he administers its effects, disposes of the revenues which they produce, and may alienate them by an onerous title, without the consent and permission of his wife.
“He can make no conveyance inter vivos, by a gratuitous title, of the immovable of the community, nor of the whole, or of a quota of the movables, unless it be for the establishment of the children of the marriage. A gratuitous title within the contemplation of this article embraces all titles wherein there is no direct, material advantage to the donor.
*296 “Nevertheless he may dispose of the movable effects by a gratuitous and particular title, to the benefit of all persons.
“But if it should be proved that the husband has sold the common property, or otherwise disposed of the same by fraud, to injure his wife, she may have her action against the heirs of her husband, in support of her claim in one-half of the property, or her satisfactorily proving the fraud.”
The Lower Court correctly held that the rights granted under the provisions of Article 2404 can only be invoked by the wife. Wisner v. City of New Orleans, et al., 169 La. 1127, 126 So. 681 (1930). This right was personal to Mrs. Alfonso, and does not pass to her heirs.
With regard to the provisions of Article 2444, however, the Courts have held that the right granted the forced heirs- therein can only be invoked after .the death of the donor. Maxwell v. Maxwell, 180 La. 35, 156 So. 166, 167 (1934). After the death of one of the donors the forced heirs have a right to attack the sale insofar as the interest of the deceased is concerned. A case similar to the one at bar is Jeansonne v. Jeansonne, 187 La. 939, 175 So. 626. According to the petition filed by petitioner, the property which passed under the alleged simulated sale was owned by the community of acquets and gains which existed between Mr. and Mrs. Alfonso. Therefore, Mrs. Alfonso, prior to the purported sale, owned an undivided one-half community interest in the said property, and we feel that any rights which her heirs might have under the provisions of Article 2444 accrued to them immediately after her death. It is, therefore, our opinion that petitioner, as a forced heir of his mother, does have a present right to attack the sale as a disguised donation insofar as any interest of his mother passed therein. Any interest of his father passing therein, however, could not be attacked until after the death of the father. See Jeansonne v. Jeansonne supra.
We feel, therefore, that this suit was not premature insofar as it attacks any community interest of the mother which was transferred in the purported sale, however, it is premature insofar as it attacks any community interest of the father transferred thereby, and there will be judgment accordingly. All costs of this appeal shall be paid by defendants.
Judgment amended and case remanded.