CULPEPPER, Judge.
Bertha Leveige, as provisional curatrix of Silton Mose, filed this suit to annul an act of donation from the said interdict to the defendants, Newman Greenhouse and his wife, Mrs. Marjorie Shuler Greenhouse. The alleged grounds are (1) that Silton Mose was mentally incompetent at the time of the act of donation and (2) that it divested the donor of all of his property. After a trial on the merits, the district judge held the donation was void on both grounds. The defendants appealed
On appeal, the defendants have assigned the following as errors of the lower court: (1) Plaintiff was not specifically authorized by the court to file this suit, as required by LSA-C.C.P. Article 4073; (2) Plaintiff does not have the right to seek annulment of the donation on the grounds of “omnium bonorum”, this being a personal right which, during his life, only the donor himself can exercise; (3) The facts do not show the donor was mentally incompetent at the time of the act of donation.
The general facts show that Silton Mose is an elderly, illiterate, crippled negro, approximately 73 years of age. He received old age assistance of $83 per month from the State of Louisiana until the act of donation in question here. For many years he has lived with his “common law wife”, one Hazel Thomas, approximately 65 years of age. They live in her house on Overton Street in Marksville, Louisiana, where the plaintiff, Bertha Leveige, Hazel Thomas’s granddaughter, also lives.
*477 Silton Mose owned a house and lot occupied by the defendants, Mr. and Mrs. Newman Greenhouse. He is Mose’s nephew. Greenhouse contends that Mose decided to give him the house. Hence Greenhouse contacted an attorney and had an act of donation drawn and signed. It states that the value of the property is about $2,000.
Shortly thereafter, the Welfare Department discovered that Silton Mose had given away all of his property and, under their rules, stopped paying old age assistance to Mose. This prompted Bertha Leveige to qualify as provisional curatrix and file the instant suit to annul the act of donation.
Defendants’ first contention is that plaintiff was not specifically authorized by the court to institute this suit, as required for provisional curators under LSA-C.C.P. Article 4073. In his written ruling on an exception of no right of action, based on this same grounds, the district judge answered this argument as follows:
“There was introduced in evidence, under the exception, the proceedings appointing the provisional curatrix. The petition states that the reason for the appointment is to file suit immediately to set aside an alleged donation inter vivos made by the interdict, because he allegedly did not have the mental capacity to make same. On that premise, the Court appointed the provisional curator and this suit immediately followed.
“The Court holds and rules, that the action taken here is under the specific authority of the Court appointing the cura-trix and the exception is accordingly overruled.”
The record on appeal contains copies of all of the necessary papers pertaining to the interdiction and the appointment and qualification of the provisional curatrix, but it does not contain a copy of the petition requesting appointment for the purpose of filing the instant suit. Defendant argues we must therefore find there was no such authority. The answer to this argument is that, in the absence of any contrary showing in the record before us,, it is presumed that the recital in the trial judge’s ruling is correct. Bush v. Bush,. La.App., 163 So.2d 858. Furthermore, a judgment is, as a general rule, presumed to-be supported by sufficient evidence, in the-absence of a contrary showing in the record. Clark v. Richardson, La.App., 157 So.2d 325; Vehrs v. Jefferson Insurance Co., La.App., 168 So.2d 873.
Defendants next contend that a provisional curatrix does not have the right, on behalf of an interdicted donor, to file-suit to annul an act of donation on the grounds of “omnium bonorum”. In support of this argument, defendant cites cases, holding that this right of action, under LSA-C.C. Article 1497, is personal to the-donor and cannot be invoked even by forced heirs, while the donor lives. Maxwell v. Maxwell, 180 La. 35, 156 So. 166.
The cited cases clearly have no application here. They did not involve a suit by the curator on behalf of an interdicted donor. The present case is controlled by LSA-C.C.P. Article 4073, which expressly provides that:
“The functions of a provisional tutor are limited to the care of the person of the minor and the preservation of his rights and property. In the performance of his functions, a provisional tutor has the same authority, and is subject to the same duties and obligations, as a tutor.
“Under specific authority of the court which appointed him, a provisional tutor may:
“(1) Institute and prosecute an action to enforce judicially a right of the minor; ifc ‡ ifc »
LSA-C.C.P. Article 4549 provides, of course, that provisional curators have the same rights, duties and powers as provisional tutors.
Under these Codal Articles, the provisional curator has not only the right, but *478 the duty, to institute this suit to preserve the interdict’s property.
Defendants’ final contention is that the evidence does not show Silton Mose was mentally incompetent at the time of the act of donation. Defendants’ brief does not argue this point. We do not know how serious they are as to this contention. Nevertheless, we have carefully reviewed the evidence and it shows by a very clear preponderance that Silton Mose had deteriorated physically and mentally to the point where he could no longer take care of either his person or his affairs. Certainly, there is no manifest error on the part of the district judge as to this finding of fact.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendants appellants.
Affirmed.