BLANCHE, Judge.
Plaintiff-appellant, All State Credit Plan Houma, Inc., appealed the judgment of the trial court dismissing plaintiff’s suit on an exception of no right of action. A cursory reading of the petition reveals that it states a cause of action in law. Plaintiff alleges that it is entitled to an injunction against the defendant, a former employee, to prevent him from violating the terms of a written contract between them. The petition specifically sets forth the activities sought to be enjoined as in violation of the contract. The rule for preliminary injunction was initially made returnable on September 12, 1969, but was continued without date and, according to plaintiff’s counsel, without notice to him. Thereafter, plaintiff was successful in vacating the order of continuance and obtained an order making the rule returnable on October 2, 1969. On the date of the hearing the defendant filed a pleading entitled “Exception of No Right of Action” which was particularized as follows:
“Exceptor avers that plaintiff has brought claim on a contract seeking to enjoin him, but that the contract as shown by the plaintiff is not the complete agreement between the parties and that other arrangements and amendments to the contract have been made so as to change the full import of the employment agreement, and that based upon these changes and other agreements, the contract is presently unenforceable and that plaintiff does not have a legal right of action to proceed.” (Record, p. 22)
The allegations of defendant’s exception actually set forth defenses that could not be proved without production of evidence and relate more properly to the merits of the action. Vegas v. Cheramie, 69 So.2d 66, 67 (La.App. 1st Cir. 19S3).
*776 In American Bank & Trust Company v. French, 226 So.2d 580,. 584 (La.App. 1st Cir. 1969), we summarized the law characterizing the exception of no right of action thusly:
“ * * * a peremptory exception of no right of action is to provide a threshold device for terminating a suit brought by a plaintiff who has no legal interest to do so. Bielkiewicz v. Rudisill, 201 So.2d 136 (3d La.App., 1967). It may contest the right of plaintiff to institute suit or stand in judgment, Hand v. Coker, 11 So.2d 272 (Orl.La.App., 1942); or to raise every question which has any bearing on whether the plaintiff lacks ownership or interest in the claim, Wheeler v. Rodriguez, 13 La.App. 97, 126 So. 715 (Orl.App., 1930); or whether the plaintiff is under some disability which prevents the suit, such as minority, interdiction, etc., Riche v. Ascension Parish School Board, 200 So. 681 (1st La.App., 1941). Simply stated the exception of no right of action tests the capacity of the plaintiff.” (American Bank & Trust Company v. French, 226 So.2d 580, 584 [La.App. 1st Cir. 1969])
The plaintiff has alleged that the defendant’s violation of their contract entitles it to injunctive relief. A cause of action in law has been stated, and the defendant has failed to allege or offer evidence to test the capacity of the plaintiff. Over the objection of plaintiff, the trial judge heard the exception and took evidence thereon prior to a hearing on the rule. Admitted into evidence was a written memorandum of November 10, 1967, as well as evidence of an oral agreement to show that the agreement was unenforceable.
It is proper to hear testimony on an exception of no right of action (Water-house v. Star Land Company, 139 La. 177, 71 So. 358 [1916]), but as stated above we do not believe that defendant’s exception in the instant case can properly be construed as one of no right of action so as to admit of evidence on the trial thereof.
The judgment of the trial court was based on evidence which was improperly admitted on the exception of no right of action, and it is immaterial to us that the result may be the same on remand. Our review of the evidence will take place when the same is properly before us.
For the above and foregoing reasons, the judgment of the trial court sustaining the exception of no right of action is reversed and the case remanded for trial on the merits. The cost of this appeal is to be borne by the defendant-appellee; all other costs are to await a final determination on the merits.
Reversed and remanded.