SAVOIE, Judge. .
Defendant, Lloyd P. Champagne, appeals from a judgment in favor of plaintiff, Griffin M. Oby, on a promissory note.
On December 4, 1972, Champagne purchased a tract of land from Griffin M. Oby for $97,500.00. For a portion of the price, a promissory note in the amount of $34,-612.50 payable December 4, 1974, was executed on that date representing the balance owed to Griffin M. Oby.
Subsequently, Griffin M. Oby became feeble-minded and interdiction proceedings were instituted against him on January 3, 1974. Mrs. Betty Scott George was approved by the court as provisional curator subject to her providing bond. Letters of provisional curatorship were issued to Mrs. George after she complied with the requisites of law.
About January 2, 1975, Champagne tendered two checks totalling $26,477.85 as payment in full for the note. The checks were not accepted and were eventually returned.
On February 19, 1975, a suit was filed on behalf of Griffin M. Oby through his provisional curator, Mrs. George, against Lloyd P. Champagne for $13,865.24, together with interest and attorney fees, as the balance due on the promissory note. Champagne filed an answer asserting that the tract had been represented to him as containing 3.54 acres with the sale price being *676 $27,500.00 per acre; and that as the tract actually contained only 3.14 acres, a difference of $11,000.00, there was a failure or partial failure of consideration. Champagne further asserted that $26,477.85 had been paid and, thus, the debt was fully paid and extinguished. A request for admissions was filed with the answer, but was never answered by plaintiff.
Plaintiff filed a supplemental and amending petition on November 2, 1977, alleging that the principal amount of the note, $34,-612.50, was still due. An answer was filed on October 9, 1979, denying the allegations of the amended petition.
Griffin M. Oby died on November 29, 1977. Succession proceedings were instituted November 22, 1978. One of his daughters, Yvonne Oby, was subsequently named administratrix.
Champagne tendered another check in the amount of $26,477.85 on September 11, 1978, unconditionally. This check was accepted.
On February 14,1983, a motion to substitute plaintiff was filed with the court. The motion requested that Miss Yvonne Oby, as succession administratrix, be substituted as plaintiff in the stead of Mrs. George. The court granted the request.
After trial on the merits, judgment was rendered in favor of Griffin M. Oby, through his provisional curator, Betty Scott George, and against Lloyd P. Champagne in the amount of $34,612.50 with interest at the rate of 7.5% from December 4, 1972, together with attorney’s fees at 10% on both principal and interest, subject to a credit in the amount of $26,477.85 paid September 11, 1978. From this judgment,, defendant, Champagne, appeals.
On appeal, defendant raises six (6) assignments of error:
“1. The trial court erred in failing to sustain Champagne’s exception of no right of action or want of interest in the plaintiff to institute and prosecute this civil action.
“2. The trial court erred in failing to hold that plaintiff had admitted the truth of the matters of fact set forth in Champagne’s request directed to plaintiff for failure of plaintiff to respond for more than seven (7) years after the request was made by Champagne to the plaintiff.
“3. The trial court erred in failing to find there had been a lack or failure of consideration in the giving of the promissory note representing a portion of the sale price for the tract of land purchased by Champagne from the plaintiff on account of its diminution in size.
“4. The trial court erred in failing to give credit to Champagne on the debt owed the plaintiff for the payment of $26,477.85 on January 2, 1975 rather than on September 11, 1978.
“5. The trial court erred in failing to give Champagne credit for an additional sum of $649.22 Champagne paid in plaintiff’s behalf for the balance owing on a sewer assessment encumbering the tract of land Champagne purchased from plaintiff.
“6. The trial court erred in failing to permit Champagne to file an amended and supplemental answer following trial after evidence was introduced at trial without objection concerning the payment of the $649.22 sewer assessment.”
I.
On the day of trial, defendant filed an exception of no right of action which was overruled by the trial court. Defendant argued that Mrs. George had no right as the original plaintiff to file this suit in her capacity as provisional curator of Griffin M. Oby, but, in any event, her authority expired when Oby died on November 29, 1977. Defendant also argued that Yvonne Oby had no right as substituted plaintiff to pursue the suit in her capacity as adminis-tratrix of the Griffin M. Oby succession. The basis for the exception is that neither Mrs. George nor Miss Oby had ever received court authorization to institute the suit.
The trial judge noted in his written reasons that no judgment of interdiction had been obtained and that Mrs. George had no court authorization when she originally *677 filed this suit in 1975. Oby was declared an interdict in September, 1977. The amended and supplemental petition was filed by Mrs. George on November 4, 1977, more than thirty days after Oby was declared an interdict on September 23, 1977, at which time a curator should' have been appointed pursuant to C.C.P. 4550. Further, the succession record makes no mention of the court granting the administra-trix authority to institute suit on the promissory note. The trial judge ruled that both Mrs. George, as provisional curator, and Miss Oby, as administratrix, did have a right to institute the suit even though neither had received court authorization to do so.
The purpose of the peremptory exception of no right of action is to provide a threshold device for terminating a suit brought by a plaintiff who has no legal interest to do so. Allstate Credit Plan Houma, Inc. v. Weidenbacher, 234 So.2d 774 (La.App. 1st Cir.1970). Thus, the question is whether either Mrs. George or Miss Oby had a right or interest to institute and prosecute this suit.
The Louisiana Code of Civil Procedure, Art. 4549, provides that the provisional curator shall continue to serve until his appointment is terminated by the court or until a curator has been appointed. Neither has occurred in this case.
A similar situation arose in Leveige v. Greenhouse, 194 So.2d 475 (La.App.3rd Cir.1967), where the court stated that under the Code articles, the provisional curator has not only the right, but the duty, to institute suit to preserve the interdict’s property. The court concluded that although the provisional curator should have had court authorization to file suit, she did have the capacity to institute the suit and prosecute it to its conclusion. Accordingly, we find that Mrs. George had the right to institute suit on the note.
Likewise, Miss Oby was the proper legal representative of the succession with the attendant duty to protect the property and rights of the estate. Therefore, she, too, had a right to be involved as plaintiff in the suit.
Having concluded that both the provisional curator and the succession ad-ministratrix had a right or interest in the suit, the appropriate exception is one of want of authority. This objection must be raised through a dilatory exception prior to answer or judgment of default, or else it is waived. Bordelon v. Safeway Insurance Company, 380 So.2d 1379 (La.App. 3rd Cir. 1980). In this case, the objection was not raised until after the trial had commenced. Therefore, the exception has been waived.
II.
The next issue raised by appellant is whether the trial court erred in failing to hold that plaintiff, by failing to respond for more than seven years after the request was filed, had admitted the matters of fact set forth in Champagne’s request for admissions.
The request for admissions was filed concurrently with defendant’s original answer on April 3, 1975. No formal answers to the request for admissions were filed into the record. Plaintiff did, however, deliver to defendant some time before trial, an answer in which he denied defendant’s allegation that the sale was by price per acre.
The Supreme Court, in Voisin v. Luke, 249 La. 796, 191 So.2d 503 (1966), stated that the basic design of the Code of Civil Procedure is to insure justice to all parties as expeditiously as possible. The purpose of the request for admissions is to eliminate the necessity of proving uncon-troverted facts. This rule may not be applied to a controverted legal issue lying at the heart of a case.
A basic issue in this case is whether this was a sale by price per acre or a sale per aversionem. (R.C.C. articles 2491, et seq.). The trial court found it to be a sale per aversionem based upon the evidence introduced at trial. All testimony exclusive of Champagne, himself, but including that of Champagne’s real estate agent, was that a price had been offered for the tract as *678 bounded, and not on a price per acre basis. In addition, Champagne had the tract surveyed several months before the sale which showed the tract contained 3.14 acres rather than 3.54 acres, and this survey was referred to in the act of sale. We agree with the trial court that this was clearly a sale per aversionem.
To hold that plaintiffs failure to timely answer the request for admissions equates to an admission that the sale was not per aversionem would result in a judgment contrary to the facts of the case. This is not the purpose of the rule regarding admissions and will not be applied in such a manner.
III.
Appellant contends that the trial court erred in failing to find that there was a lack or failure of consideration because the tract contained 3.14 acres rather than 3.54. We find, as did the trial court, that the sale was per aversionem and, thus, the actual acreage is irrelevant. This assignment is without merit.
IV.
Appellant questions the trial court giving credit for the payment of $26,477.85 on September 11, 1978, rather than January 2, 1975. The trial court found that the checks of December 21, 1974, and January 2, 1975, totalling $26,477.85, were tendered as payment in full but were not accepted by plaintiff. On September 11, 1978, another check in the amount of $26,477.85 was tendered to plaintiff unconditionally and was accepted. Plaintiff refused to accept the first cheeks for fear of compromising the claim for the full amount. Had Champagne tendered the first checks unconditionally, credit would have been given at that point. The trial court properly gave credit for the unconditional tender of September 11, 1978.
V. AND VI.
Finally, appellant contends that the trial court erred in failing to give credit for the payment of the sewer assessment and for failing to permit the filing of an amended and supplemental answer concerning the payment of the sewer assessment.
A party who wishes to introduce evidence riot within the issues made by the pleadings must move that the pleadings be amended before the issue-raising evidence can be admitted over objection. Guidry v. Rubin, 425 So.2d 366 (La.App. 3rd Cir. 1982). Timely objection coupled with the failure to move for an amendment of the pleadings is fatal to an issue not raised by the pleadings. Gar Real Estate & Insurance Agency v. Mitchell, 380 So.2d 108 (La.App. 1st Cir.1979).
Appellant asserts that no objection was made at the time the evidence was introduced but the record indicates that a timely objection was made and sustained by the trial court. Since the pleadings were not amended before the evidence was attempted to be admitted, the trial court properly refused to consider a credit for the sewer assessment.
We note that on February 14,1983, the trial court ordered that Miss Yvonne Oby, administratrix of the Succession of Griffin M. Oby, be substituted as party plaintiff. Therefore, judgment should have been rendered in favor of Miss Yvonne Oby, administratrix in the Succession of Griffin M. Oby. We so amend the judgment. In all other respects, the judgment of the trial court is affirmed. Defendant-appellee, Lloyd P. Champagne, is to pay all costs.
AMENDED AND, AS AMENDED, AFFIRMED.